### 9140

### DOUGHTY v. LIGHTSEY.

### (85 S. E. 898.)

PLEADING.   LEAVE   TO   ANSWER.   APPEAL   AND   ERROR.   MERITORIOUS
    DEFENSE.

1. APPEAL AND ERROR — PRESUMPTIONS FAVORING COURT BELOW —
   REFUSAL OF LEAVE TO ANSWER.—In a suit on notes, where defendant's
   proposed answer set up that the notes were void for alteration, the
   Court, on appeal from the trial Court's refusal, after default, to give
   defendant leave to answer, because the proposed defense was not
   meritorious, would assume, unless the contrary was made to appear,
   that the refusal of the motion was based upon good reason, that the
   original notes were before the Court, and that it appeared from
   inspection that no alteration had been made.

2. PLEADING—LEAVE TO ANSWER—MERITORIOUS DEFENSE—SALES OF COT-
   TON FOR FUTURE DELIVERY.—A verified answer, alleging that notes
   sued on were given for moneys lost on agreements to sell cotton for
   future delivery, without an intention on the part of both of the
   parties to the contracts that the cotton should be actually delivered
   in kind, presents *prima facie* a meritorious defense, which calls for
   the exercise of the Court's discretion in determining whether or not
   leave should be granted to file and serve such answer.

Before RICE, J., Hampton, June 15, 1914.   Reversed.

Action by James P. Doughty, Jr., against W. Fred. Light-
sey.   From an order refusing the defendant leave to
answer, he appeals.   The facts are stated in the opinion.

*Mr. B. R. Hiers,* for appellant, submits: *Court may
relieve defendant in case of mistake*: Code Civil Proc., sec.
226; 17 S. C. 445; 77 S. C. 226; 70 S. C. 166.   *Defense
was meritorious:* Civil Code, secs. 3421 and 3425.

*Messrs. E. F. Warren* and *R. J. Southall,* for respondent.

July 24, 1915.

The opinion of the Court was delivered by MR. JUSTICE
HYDRICK.

This appeal is from an order refusing defendant's motion to be allowed to answer. The action is upon five promissory notes, upon which it is alleged there is now due $6,426.66, with interest.

The defendant served, with the notice of the motion, a copy of his proposed answer, which was duly verified, and an affidavit of his attorney, setting out the reasons why he failed to serve his answer in due time, to wit, that the copies of the summons and complaint, served on defendant, were sent to him by defendant within the time, with request that he answer; that from information he received, he was under the impression that the time to answer expired June 9, 1914; that, on June 4, he mentioned the matter to one of plaintiff's attorneys, who told him that the time to answer expired on June 2, and refused to let him answer; that, from information received from defendant, and from letters and written instruments in his possession, he believes that defendant has a good defense.

The defenses set up in the proposed answer are: 1. That the notes, as executed and delivered to plaintiff, did not bear interest; but that, after the execution and delivery thereof, plaintiff altered them, without defendant's knowledge or consent, by inserting in each the words: "and interest at the rate of 8 per cent. per annum." 2. That the consideration of the notes was money lost on agreements to sell cotton for future delivery, it not being the intention of both parties to the contracts that the cotton should be actually delivered in kind.

The order follows: "This matter comes before me on motion of defendant for leave to answer. After hearing argument of counsel, and the proposed answer read, and it appearing to my satisfaction that the proposed defense is not meritorious, I do not think it a case in which I should exercise my discretion." .

The "case" contains a copy of a letter from plaintiff, to defendant, dated 12-9-13, as follows: "Dear Sir: After

leaving your office I observed that the rate of interest on your notes had been inadvertently, on the part of both of us, omitted.    I beg, therefore, to advise you that 'an interest at the rate of 8% per annum' has been inserted, and will thank you for your confirmation."    It also contains what purports to be copies of the notes, but it is not stated whether they are copies of the notes as originally given, or as they appeared at the hearing.    Nor is it stated whether the originals were before the Court.    In these respects, the "case" is defective.

We must assume, unless the contrary is made to appear, that the refusal of the motion was based upon good reason. We assume, therefore, that the original notes were before the Court, that the copies in the record are copies of them as they then appeared, and that it appeared from inspection of them that no alteration had, in fact, been made, notwithstanding the statement in plaintiff's letter to defendant, upon which, no doubt, the allegation in the answer was predicated.    If that be so, of course, the Court was right in holding that defense unmeritorious.

But there is nothing in the record tending to show that the second defense is without merit.    The statute (Civ. Code 1912, sec. 3421) makes void contracts of sale for future delivery of cotton, unless it is the *bona fide* intention of both parties, at the time of making them, that the cotton shall be actually delivered in kind, and section 3425 declares notes based upon such contracts to be void.    Therefore, according to the allegation of the answer, which was sworn to, and against which there was no rebutting testimony, there was merit in the second defense.    We must not be understood as expressing any opinion as to the truth of the alleged defense, for that question is not before us.    We merely hold that, upon the showing made, the Court erred in concluding that the defense was unmeritorious.

Order reversed.